# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

John Wyatte, Jr.,    :
                     :
         Appellant,  :    C.A. No: K15A-09-008 JJC
                     :
    v.               :    In and for Kent County
                     :
UNEMPLOYMENT INSURANCE :
APPEALS BOARD,       :
                     :
         Appellee.   :

Submitted: January 27, 2016
Decided: February 9, 2016

*Upon Consideration of Appellant's Appeal from the Unemployment Insurance Appeal Board - AFFIRMED*

## ORDER

**AND NOW TO WIT**, this 9th day of February, 2016, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT:**

1. Before the Court is the *pro se* appeal of Appellant John Wyatte, Jr. ("Appellant") from the decision of the Unemployment Insurance Appeals Board ("UIAB") denying Appellant's appeal as untimely. The Court has reviewed the record in this matter and the parties' submissions and Affirms the decision of the UIAB.

2. The evidence of record establishes that Appellant was employed by Capitol Linen & Uniforms from August 6, 2012 until May 22, 2015 when he alleged he had no choice but to quit due to a hostile work environment. As a result, Appellant sought unemployment benefits. On June 17, 2015, a Claims Deputy with the Division of Unemployment Insurance found Appellant to be ineligible for benefits and mailed the

notice of determination to Appellant's address. The written decision notified the Appellant that the determination would become final and binding if not appealed by June 27, 2015, ten calendar days after the decision was issued. Appellant filed his appeal on June 30, 2015 in person.

3. On July 28, 2015, an Appeals Referee held a hearing regarding the timeliness of Appellant's appeal. Appellant's defense at the Appeal Referee Hearing was that he had not received the notice of determination in the mail. He verified that his mailing address on file was accurate, but he was not living at that address during the time that the notice of determination was mailed to him. Appellant claimed that he had a Protection From Abuse ("PFA") order against him by the mother of his children, who lived at his residence with him. The PFA order was entered on June 25, 2015 and expired on June 30, 2015. Appellant acknowledged, however, that at that time he had been living in a separate apartment for approximately eight months yet failed to update his address of record with the Division. Appellant testified that on June 30th, he changed his address of record to the apartment address where he had lived for the previous eight months. This change in address was reported only after the deadline to appeal the Claims Deputy's determination. Because the address on record for the Appellant was accurate and confirmed by Appellant, there was no evidence of any administrative error in mailing the notice of determination. The Referee accordingly determined that the appeal was untimely and dismissed Appellant's claim.

4. Appellant then appealed the Referee's decision to the UIAB on July 31, 2015. The UIAB held a review hearing on August 6, 2015, and affirmed the dismissal of Appellant's claim. Appellant then filed an appeal of the UIAB decision to this Court on September 29, 2015.

5. As with appeals from all administrative agencies, when a decision of the

2

UIAB is appealed, this Court's scope of review is limited to "determining whether the Board's conclusions are supported by substantial evidence and free from legal error."[1] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] This Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[3] Questions of law are reviewed *de novo* "to determine whether the Board erred in formulating or applying legal concepts."[4] If there is substantial evidence and no error of law, the Board's decision will be affirmed, unless the Board committed an abuse of discretion.[5] An abuse of discretion occurs when the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[6]

6. Section 3318(b) of Title 19 of the Delaware Code provides that a Claims Deputy's determination becomes final unless a claimant for unemployment benefits files an appeal within ten calendar days from when the decision was "mailed to the last

---

[1] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Ct. Jan. 26, 2000) (citations omitted).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[3] *Hopkins Const., Inc. v. Unemployment Ins. App. Bd.*, 1998 WL 960713, at *2 (Del. Super. Ct. Dec. 17, 1998) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965)).

[4] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2008) (citing *Nardi*, 2000 WL 303147, at *2).

[5] *See PAL of Wilmington*, 2008 WL 2582986, at *4 (citing *Funk v. Unemployment Ins. App. Bd.*, 591 A.2d 222, 225 (Del. 1991)); *Sikorski v. Boscov's Dept. Store*, 1995 WL 656831, at *1 (Del. Super. Ct. Sept. 22, 1995) (citations omitted).

[6] *PAL of Wilmington*, 2008 WL 2582986, at *4 (citations and internal quotations omitted).

3

known addresses of the claimant and the last employer. . . ."[7] Pursuant to 19 *Del. C.* § 3320, the Board has discretion to consider an untimely appeal "if the lateness of the filing can be traced back to an error of the UIAB, or in those cases where the interests of justice would not be served by inaction."[8]

7. Here, a decision by the Claims Deputy at the Division of Unemployment Insurance regarding Appellant's ineligibility to receive benefits was mailed to his proper address of record on June 17, 2015. The Appellant confirmed his address of record was accurate when testifying at the Appeals Referee stage of the process. Appellant's appeal was undisputedly filed on June 30, 2015 after the appeal deadline of June 27, 2015. His claim to not have access to his mail at the address on record due to a PFA does not excuse a late filed appeal in this case. An untimely appeal will be excused from being untimely if the untimeliness can be traced back to an administrative error. Here, Appellant did not report his eight month old change of address to the Division of Unemployment Insurance until he filed his untimely appeal on June 30, 2015. Accordingly, there was no evidence of administrative error in this matter. The UIAB, therefore, did not commit legal error when denying his appeal.

8. The Court is cognizant of the fact that Appellant is litigating this appeal *pro se.* In such cases, courts and administrative agencies are at liberty to reasonably interpret a *pro se* litigant's filings, pleadings and appeals "in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments. . . ."[9]

---

[7] 19 *Del. C.* § 3318(b).

[8] *Powell v. UIAB*, 2013 WL 3834045, at *2 (Del. Super. July 23, 2013) (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991)).

[9] *McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036, at *1 (Del. Super. Sept. 4, 2001).

However, barring extraordinary circumstances, "procedural requirements are not relaxed for any type of litigant. . . ."[10] Because the timely filing of an appeal is a procedural matter, made mandatory and jurisdictional by state statute, a claimant must abide by the deadlines set.

**NOW THEREFORE**, In light of the clear evidence of record justifying the UIAB's decision, as well as the absence of any error of law, the decision of the UIAB must be **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge

JJC/jb
copy to: Mr. John Wyatte, *Pro Se*
File

---

[10] *Id.*